FILED
United States Court of Appeals
Tenth Circuit

February 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEVEN PAUL BRADLEY,

        Defendant - Appellant.

No. 11-8068
(D.C. Nos. 1:08-CV-00252-NDF
& 2:03-CR-00102-NDF-1)
D. Wyoming

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner, Steven Paul Bradley, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255

motion unless he first obtains a COA). In 2006, Bradley was convicted of being a

felon in possession of both ammunition and a firearm, possession of a firearm not

registered in the national firearms registration and transfer record, interference

with commerce by extortion, and possession of a destructive device during and in

relation to a violent crime. *United States v. Bradley*, 367 F. App'x 873, 874 (10th

Cir. 2007). Bradley's convictions were affirmed by this court on July 24, 2007. *Id*. at 877.

Bradley filed the instant § 2255 motion in federal district court on November 21, 2008, asserting four grounds for relief: (1) ineffective assistance of trial counsel arising from a conflict of interest; (2) vindictive prosecution; (3) insufficient evidence to support the extortion conviction; and (4) insufficient evidence to support the conviction for possession of a destructive device. Bradley's § 2255 motion also referenced a fifth ground for relief, but that portion of his motion included a recitation of facts relating to his mental health and the government's trial evidence, and a request that new forensic tests be performed; no independent claim was raised.

The district court first addressed Bradley's ineffective assistance claims against his attorney, Ronald Pretty. The court concluded the first claim failed because it was based on unsupported, conclusory allegations that Mr. Pretty misadvised him on the ramifications of refusing to withdraw an interlocutory appeal. The conflict-of-interest based claim failed because Bradley was unable to demonstrate the existence of an actual conflict of interest[1] that adversely affected Mr. Pretty's performance. *See Mickens v. Taylor*, 535 U.S. 162, 171 (2002). The court next concluded Bradley was barred from seeking habeas relief on his due

---

[1]The district court noted the record only established the existence of a potential conflict of interest.

process claim that the Government acted vindictively by filing additional charges against him in retaliation for his refusal to withdraw his interlocutory appeal because the claim should have been raised on direct appeal and Bradley failed to show cause and prejudice excusing the procedural default. The district court likewise concluded Bradley's sufficiency of the evidence claims were procedurally barred. Finally, the court construed Bradley's fifth claim as either a reiteration of his allegations of ineffective assistance or an assertion that his mental illness excuses his criminal conduct. The court repeated its ruling that Bradley's ineffective assistance claims failed on the merits and concluded any claim of diminished capacity should have been raised on direct appeal.

To be entitled to a COA, Bradley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Bradley has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Bradley need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

In his appellate brief, Bradley attempts to raise a *Brady* claim that was not presented to the district court, presents additional substantive arguments challenging the defaulted sufficiency-of-the evidence claims, and raises new arguments in an attempt to show cause and prejudice excusing his procedural defaults. We will not consider any of these arguments because they were not presented to the district court. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, [this court] will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory that falls under the same general category as a previous argument." (quotations and citation omitted)). Bradley also appears to argue that he met his burden of demonstrating cause and prejudice by including an assertion in his § 2255 motion that he suffers from a mental illness and, thus, was unable to present his appellate arguments. Not only was Bradley's cause and prejudice argument undeveloped and conclusory, in light of the fact he was found competent to stand trial and was represented by counsel on direct appeal,[2] we do not believe "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

---

[2]Bradley did not allege his appellate counsel was ineffective for failing to raise the defaulted issues.

-4-

been resolved in a different manner." *Miller-El*, 537 U.S. at 336 (quotation omitted).

Having undertaken a review of Bradley's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Bradley is not entitled to a COA. The district court's resolution of Bradley's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Bradley's request for a COA and **dismisses** this appeal. Bradley's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge